UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
CRAIG (NO LAST NAME),               )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   Civil Action No. 05-1405 (PLF)
                                    )
STEPHEN W. PETERSON, M.D.,          )
                                    )
            Defendant.              )
_____)


MEMORANDUM OPINION

Having reviewed the entire record of this case, the Court concludes that the complaint fails to state a claim upon which relief can be granted. Accordingly, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


I.  BACKGROUND

Craig states that he is a disabled individual with post-traumatic stress disorder, and that defendant was his mental health care provider. *See* Compl., ¶ 2. He alleges that defendant retaliated against him for filing a lawsuit against other mental health care providers by refusing to provide further services, including "life essential disability prescription medications." *Id.*, ¶ 3. He brings this action under the Rehabilitation Act, 29 U.S.C. § 794, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, and the District of Columbia Human Rights

Act, D.C. Code § 2-1401.01 *et seq*. *Id.*, ¶¶ 5, 7; Pl's Mot., ¶ 2.

In his motion for a temporary restraining order, plaintiff accuses defendant of "depraved indifference." Pl.'s Mot., ¶ 2. Specifically, he alleges that defendant no longer provides "life-essential disability prescription medications that ran out on June 25, 2005, thereby leaving the Plaintiff in a helpless state without essential medications needed for his disability." *Id.*, ¶ 1. Plaintiff seeks an Order "preventing [defendant] from denying the Plaintiff essential medical treatment." *Id.*, ¶ 3.

## II.  DISCUSSION

The Court keeps in mind that a complaint filed by a *pro se* litigant is held to a less stringent standard than that to which a formal pleading drafted by a lawyer is held. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). A complaint should not be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure unless the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); Fed. R. Civ. P. 12(b)(6). The factual allegations of the complaint are presumed to be true and are construed liberally in plaintiff's favor. *See, e.g., United States v. Phillip Morris, Inc.*, 116 F.Supp. 2d 131, 135 (D.D.C. 2001). The Court is not obligated, however, to draw inferences that are not supported by the facts alleged. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Plaintiff's complaint is deficient in that it fails to state claims upon which relief can be granted. Defendant cannot be held liable for alleged discrimination under the Americans with Disabilities Act, the Rehabilitation Act, or the District of Columbia Human Rights Act.

In relevant part, the Americans with Disabilities Act provides that:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who <u>owns, leases (or leases to), or operates a place of public accommodation</u>.

42 U.S.C. § 12182(a) (emphasis added). The term "public accommodation" includes such private entities as professional offices of health care providers and hospitals. *See* 42 U.S.C. § 12181(7)(F). The complaint, however, names one doctor in his individual capacity as the sole defendant in this action. An individual cannot be held liable under the ADA where that individual does not own, lease, or operate the public accommodation. *Emerson v. Thiel College*, 296 F.3d 184, 189 (3d Cir. 2002) (dismissing individuals, including college's former President, Vice President of Academic Affairs, members of its faculty and staff and outside legal counsel ); *Neff v. American Dairy Queen Corp.*, 58 F.3d 1063, 1066 (5th Cir. 1995) (granting summary judgment for corporation because, pursuant to franchise agreement, it did not "operate" restaurant that was inaccessible to wheelchair-bound patron); *Steere v. George Washington University*, 368 F.Supp.2d 52, 57-58 (D.D.C. 2005) (noting that "institutions, not their employees, are the ones who own, lease, or operate places of public accommodation," court dismissed ADA complaint as to Dean of medical school); *Aikins v. St. Helena Hosp.*, 843 F.Supp. 1329, 1335 (N.D.Cal. 1994) (holding that independent contractor without power to control hospital policy is not a proper defendant under the ADA). Similarly, because individuals are not the recipients of federal financial assistance, individuals are not liable under the Rehabilitation Act. *See* 29 U.S.C. § 794(b) (prohibiting discrimination based on a person's disability "under any program or activity receiving federal financial assistance"); *Lee v. Michigan Parole Bd.*, 2004 WL 1532563

*1 (6th Cir. June 23, 2004) (concluding that plaintiff could not maintain action under ADA or Rehabilitation Act against individual defendants because neither Act imposes liability upon individuals); *Emerson v. Thiel College*, 296 F.3d at 190.

Under the District of Columbia Human Rights Act, it is unlawful to "deny, directly or indirectly, any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodations" based on a person's disability. D.C. Code § 2-1402.31(a)(1). Nothing in the complaint establishes that the named defendant fits the definition of "public accommodation" under the Act. *See* D.C. Code § 2-1401.02(24) (defining term "place of public accommodation" to include places, such as hospitals, but not individuals); *see Carrollsburg v. Anderson*, 791 A.2d 54, 57 (D.C. 2002) (although ADA claim was not before District of Columbia Court of Appeals, court noted trial court's dismissal of ADA claim against Carrollsburg Condominium Association, "a privately owned condominium, not a public accommodation").

### III. CONCLUSION

For the reasons stated herein, the Court concludes that the complaint fails to state a claim upon which relief can be granted. Accordingly, the Court will dismiss this action. An Order consistent with this Memorandum Opinion is issued separately on this same date.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: October 26, 2005